80 F.3d 559
 317 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Charles ZANDFORD, Appellant,
v.
The NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., et
al., Appellees.
 No. 94-7058.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 14, 1996.
 
 Before SILBERMAN, BUCKLEY and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See D.C.Cir.Rule 34(j). After review of the issues, the court is satisfied that no opinion is warranted. See D.C.Cir.Rule 36(b). For the reasons explicated in the attached memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that this case be remanded to the district court for further consideration.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 MEMORANDUM
 
 4
 Appellant Charles Zandford filed this action against the National Association of Securities Dealers ("NASD") and NASD staff members alleging, inter alia, that the defendants had conspired to "frame" him in a District Business Conduct Committee ("DBCC") disciplinary hearing. The matter was initially referred, by consent of the parties, to a United States Magistrate Judge who granted the NASD's motion to dismiss Zandford's complaint on the basis of appellees' absolute immunity. In an order filed March 30, 1994, the district court affirmed the magistrate judge's order. Zandford argues on appeal that the district court erred in applying a "blanket" absolute immunity to the NASD and its staff members. Appellees contend that the district court's order should be affirmed on the ground of absolute immunity or, in the alternative, because the statutes of limitations on Zandford's claims have all run.
 
 
 5
 We are concerned that the doctrine of absolute immunity might have been applied here with too broad a stroke. While the NASD and DBCC disciplinary officers are entitled to absolute immunity for actions that are prosecutorial or adjudicative in nature, see Austin Municipal Securities, Inc. v. NASD, Inc., 757 F.2d 676 (5th Cir.1985), absolute immunity does not extend to acts that are purely investigatory or administrative. See Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615-16 (1993). In particular we question whether certain acts alleged to have been committed by the NASD staff members may be characterized as prosecutorial or adjudicatory. For example, some of the acts complained of appear to have occurred prior to the decision of the DBCC to issue its formal complaint against Zandford, see Appellant's Brief at 39 (asserting that NASD staff members had fraudulently influenced DBCC prosecutors to issue a regulatory complaint against him). Cf. Simons v. Bellinger, 643 F.2d 774, 784 (D.C.Cir.1980) (discussing point at which prosecutor's inquiry becomes "sufficiently focused" to transgress from the investigatory realm into the advocatory); Buckley, 113 S.Ct. at 2615-16 (prosecutor does not benefit from absolute immunity for misconduct during preliminary investigation). Others are alleged to have occurred after the completion of the prosecutorial phase of the DBCC proceeding. See, e.g., Appellant's Brief at 39 (asserting that NASD staff members altered the official trial record after the conclusion of the disciplinary committee meeting). Cf. Slavin v. Curry, 574 F.2d 1256, 1264-65 (5th Cir.1978) (prosecutors may be liable for alteration of trial transcript).
 
 
 6
 Accordingly, we remand this matter to the district court for reconsideration of whether, and to what extent, the alleged misconduct of appellees may not be shielded by absolute immunity. The court is further instructed to address whether Zandford's causes of action are time-barred under the applicable statutes of limitations.
 
 
 7
 So ordered.